Jian Sheng LIN, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, ATTORNEY GENERAL GONZALES, Respondent.

No. 02–4625.

United States Court of Appeals, Second Circuit.

Feb. 28, 2005.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Glenn T. Suddaby, United States Attorney for the Northern District of New York, New York, N.Y. (William C. Pericak, Assistant United States Attorney, Robert P. Storch, Senior Litigation Counsel), for Respondent, of counsel.

Present: OAKES, KEARSE, and SACK, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review of the order of the Board of Immigration Appeals be, and it hereby is, DENIED.

Jian Sheng Lin petitions for review of a September 27, 2002, order of the Board of Immigration Appeals (BIA) affirming a September 28, 2000, decision of an Immigration Judge (IJ) denying Lin's application for asylum and withholding of removal.

We review the IJ's decision for substantial evidence. "Under this standard, a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)). The scope of our review is "exceedingly narrow," *Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (internal quotation marks omitted), and is particularly deferential to credibility determinations, *Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). Lin "must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." *Chen,* 344 F.3d at 275–76. We have held that the inability to recall specific dates or circumstances surrounding events forming the basis for an asylum claim will support an adverse credibility finding. *See Zhang,* 386 F.3d at 77.

We conclude that substantial evidence supports the IJ's determination that Lin was not credible because his testimony included inconsistencies going to the heart of his claim for asylum. Specifically, and most importantly, Lin gave inconsistent testimony as to the year during which he claims his wife's forcible sterilization occurred. Because Lin's wife's sterilization is the key event underlying his claim, significant inconsistencies in his testimony about that event provide a sufficient basis for a finding that Lin is not credible.

Lin also argues that he is eligible for withholding of removal under the Convention Against Torture, because he claims that he will be sterilized or jailed if returned to China. However, Lin did not appeal this issue to the BIA, and therefore we have no jurisdiction to hear it. *See Theodoropoulos v. INS,* 358 F.3d 162, 171 (2d Cir.2004).

For the foregoing reasons, the petition for review of the order of the Board of Immigration Appeals is hereby DENIED.